IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL BROWN, | : | |
| | : | |
| *Plaintiff,* | : | Civil Action No.: 2:21-cv-1288 |
| | : | |
| v. | : | |
| | : | |
| ALLSTAR THERAPIES, INC., | : | |
| | : | |
| *Defendant.* | : | |

**COMPLAINT**

AND NOW, comes the Plaintiff, Rachel Brown, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought pursuant to Sex Discrimination under Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-2(a)(1)], the Pennsylvania Human Relations Act [43 P.S. §951 *et seq.*] as well as retaliation, and the creation of a hostile work environment. The Plaintiff, Rachel Brown, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, creation of a hostile work environment, and termination of her positions by the Defendant in this matter.

## Parties

1. Plaintiff, Rachel Brown, is an adult individual, who currently resides at 787 Rubright Road, Apollo, Pennsylvania 15613.

2. At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of the job.

3. Defendant, Allstar Therapies, Inc., is a business incorporated under the laws of the Commonwealth of Pennsylvania, with an address of 2030 Ader Road, Jeannette, Pennsylvania 15644.

4. It is estimated that the Defendant Allstar Therapies has well over fifty (50) employees in Western Pennsylvania.

## Jurisdiction

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions.

6. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

7. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

8. The Plaintiff, Rachel Brown, began working for the Defendant Allstar Therapies on or about March 30, 2015, with the job title of Physical Therapy Assistant.

9. In March of 2017, the Plaintiff shared with her rehab manager, Shelley Meyers, that she was in a same-sex relationship with another female coworker at the facility, Jennifer Hilty.

10. Almost immediately, the Plaintiff noticed she was being treated differently, as she was instructed to avoid all physical contact and public displays of affection with Ms. Hilty.

11. The Plaintiff observed her fellow coworkers in heterosexual relationships allowed to continue engaging in physical contact and/or public displays of affection, and she does not believe they were instructed, as she was, to avoid such conduct.

12. After disclosing her same-sex relationship to her manger, the Plaintiff did not receive any additional raises, yet she was aware of her heterosexual coworkers continuing to receive raises.

13. Plaintiff's performance reviews went from average or better to less positive reviews immediately after she disclosed her relationship with Ms. Hilty.

14. Further differential treatment of the Plaintiff included her being frequently denied time off and held to additional requirements that were not enforced upon the heterosexual employees at that location, such as having to work extra weekends to "make up" for approved vacation time.

15. On or about July 24, 2019, the Plaintiff and Ms. Hilty were disciplined for a common practice by all physical therapy assistants at that location, yet only the Plaintiff and Ms. Hilty received said discipline.

16. The Rehab Manager, Shelley Meyers and the Director of Operations, Beth Houpt, disciplined the Plaintiff and Ms. Hilty by having them separated while at work, starting immediately, and there was also a warning threat of having one of them transferred to another location.

17. On July 26, 2019, after the Plaintiff inquired Ms. Meyers as to the ongoing discipline, Ms. Meyers lost her temper in front of employees and patients and screamed at the Plaintiff, "people like you need monitored," and she then threw a tray table against the wall near Ms. Hilty.

18. Later that day, the Plaintiff and Ms. Hilty called and emailed a complaint to the Human Resources Director, Ashley Neiderhiser, advising her of the hostile work environment and discrimination they were enduring at work, from Ms. Meyers and Ms. Houpt, for being gay and in a same-sex relationship together.

19. In response to the complaint they submitted, the Plaintiff and Ms. Hilty were then contacted on July 31, 2019, by the Vice President of Operations, Tim Kubistek., who promptly advised them prior to discussing and/or investigating the matter with them that he had concluded there was no evidence of discrimination.

20. Mr. Kubistek then stated to the Plaintiff and Ms. Hilty that their lifestyle was inappropriate, and they should not discuss their homelife in front of patients, to which the Plaintiff and Ms. Hilty immediately said they were upset to hear such discriminatory comments.

21. On August 11, 2019, the Plaintiff and Ms. Hilty received email correspondence from Mr. Kubistek, stating their employment was now suspended, not paid, until an investigation was completed regarding their actions from July 27, 2019, when they were working at Westmoreland Manor.

22. Mr. Kubistek accused the Plaintiff and Ms. Hilty of violating safety procedures and "possibly" stealing, to which both accusations were vehemently denied.

23. The Plaintiff and Ms. Hilty told the Defendant the false accusations, unwarranted scrutiny, and punishment of being on unpaid suspension were retaliatory actions for their complaints of discrimination.

24. On or about August 19, 2019, Mr. Kubistek informed the Plaintiff he was planning to terminate her employment, because she "may have" removed unauthorized information from the office.

25. The Plaintiff told Mr. Kubistek she was viewing the human resources policy regarding complaints of discrimination, which was located in the employer's policies and procedures manual that employees are permitted to access.

26. Mr. Kubistek then indicated he would need to check with Ms. Meyers to see if this was allowed.

27. Mr. Kubistek informed the Plaintiff they would allow her to return to work on August 20, 2019, with a written warning for the alleged "safety concern" and that the investigation was still ongoing.

28. On or about October 16, 2019, the Plaintiff was terminated by Defendant Allstar Therapies, and they would not provide her with a reason, but the Plaintiff believes it was discriminatory and retaliatory.

29. On or about November 22, 2019, the Plaintiff filed a Charge with the EEOC against the Defendant Allstar Therapies for discrimination and retaliation, EEOC Charge No. 533-2019-01855.

30. The Plaintiff also filed a second Charge against Allstar Therapies, on November 16, 2020, for continued retaliation.

31. The Plaintiff also believes the Defendant Allstar Therapies retaliated against her by reporting false claims about her to the Commonwealth of Pennsylvania Department of State.

32. On or about March 30, 2020, the Plaintiff was contacted by a professional conduct investigator named Barbara Gretz, for the Commonwealth of Pennsylvania Department of State, regarding a complaint filed against the Plaintiff.

33. Ms. Gretz said the complaint accused her of leaving someone unattended during diathermy treatment in 2018, to which the Plaintiff denied and informed the investigator the diathermy machines were not even at that location until January of 2019.

34. The Plaintiff was informed that the Commonwealth would not be prosecuting a claim against her, and the Plaintiff believes only the Defendant Allstar Therapies would have provided such false information in retaliation.

35. On or about June 30, 2021, the EEOC issued Notice of Right to Sue involving Allstar Therapies, Inc., identified as Charge Number 533-2019-01855. (Exhibit 1).

36. On or about July 12, 2021, the EEOC issued Notice of Right to Sue involving Allstar Therapies, Inc., identified as Charge Number 533-2021-00317. (Exhibit 2).

## Count 1: Sex Discrimination: Title VII and PHRA

37. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

38. The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of Sex Discrimination under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq*.

39. The Plaintiff was forced by the Defendant to conceal her sexual orientation and then disciplined when not able to conceal her sexual orientation, while her heterosexual coworkers were not held to this same standard, nor disciplined as she was.

40. The Plaintiff was critically monitored and scrutinized concerning standard practices and policies, whereas her heterosexual coworkers were not held to the same standards, nor disciplined as she was.

41. Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: Retaliation: Title VII & PHRA

43. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

44.     Plaintiff, Rachel Brown, is a member of a protected class and entitled to the protections under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq.*

45.     Plaintiff had disclosed her sexual orientation, and had made complaints of discrimination and retaliation, which constituted protected activity under these statutes.

46.     The Defendant violated and interfered with Plaintiff's rights under these statutes.

47.     As a result, Plaintiff was harassed, humiliated, terminated, and discriminated against by the Defendant in retaliation for the disclosure of her sexual orientation and the assertion of her rights under the Title VII and the PHRA.

48.     Under Title VII and the PHRA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

49.     As a direct and proximate result of Defendant's actions in violation of Title VII and the PHRA, Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Hostile Work Environment

50. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

51. Plaintiff has repeatedly reported discrimination and retaliation to the Defendant, to various agents employed by the Defendant.

52. The Plaintiff's supervisors employed by Defendant had increasingly responded to Plaintiff and her same-sex partner in a manner that was intensely hostile, with behavior that was both verbally and physically threatening.

53. As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of her sexual orientation and retaliation of her complaints of discrimination.

54. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Sex Discrimination under Title VII and PHRA;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Rachel Brown, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

                    Respectfully submitted

                    /s/ Sean A. Casey
                    Sean A. Casey
                    PA ID #79806
                    Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481

Counsel for Plaintiff,
Rachel Brown